**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Cargill, Incorporated, on behalf of itself and as
assignee and subrogee of Leprino Foods
Company,

          Plaintiff,

v.

Ron Burge Trucking, Inc., and National
Interstate Insurance Corp.,

          Defendants.

Civ. No. 11-2394 (PAM/JJK)


**ORDER**

---

This matter came before the undersigned United States Magistrate Judge Steven E. Rau

on September 20, 2012, on the following motions: (1) Plaintiff Cargill, Incorporated's Second

Motion to Compel (Doc. No. 79); (2) Defendant Ron Burge Trucking, Inc.'s Motion to Compel

(Doc. No. 94); (3) Defendant National Interstate Insurance Corp.'s Motion to Supplement the

Record (Doc. No. 104); and (4) National Interstate's Motion for Leave to Serve Additional

Interrogatories and to Compel Discovery (Doc. No. 107).[1]  Because it appeared that the parties

had failed to fully exhaust their efforts at resolving the matters raised by the motions before

seeking court intervention, the Court ordered the parties to meet and confer following the hearing

and to inform the Court about the outcome of those additional efforts.  The parties then

submitted letters to the Court indicating that they had reached agreement on the majority of

disputes presented in their motions.  Because the parties were unable to resolve all the matters

raised by their motions, however, the Court held a telephone conference on October 15, 2012, to

---

[1]     In this Order, the Court refers to Plaintiff Cargill, Incorporated, as "Cargill," Defendant
Ron Burge Trucking, Inc., as "Burge," and Defendant National Interstate Insurance Corp. as
"National Interstate."

determine what issues required the Court's intervention. (Doc. No. 123, Mins. for Telephone Conference; Doc. No. 124, Text Order.) After the October 15, 2012 telephone conference, the Court identified the issues requiring its intervention as follows:

1. With respect to Cargill's Second Motion to Compel Discovery Responses (Doc. No. 79), the following issues have not been resolved:
   a. Cargill's motion for Burge to produce communications Burge had with National Interstate and with National Interstate's counsel, and communications between Burge's counsel and National Interstate's counsel;
   b. Cargill's motion for National Interstate to produce its underwriting files for Burge's 2011 and 2012 policies;
   c. Cargill's motion for National Interstate to produce communications between National Interstate and the Davis & Young law firm; and
   d. Cargill's motion for National Interstate to provide an explanation of National Interstate's document retention systems and the searches it performed relating to its claims file.

2. With respect to Burge's Motion to Compel Discovery Responses (Doc. No. 94), the following issues have not been resolved:
   a. Ron Burge's request for Cargill to produce documents responsive to Burge's Requests for Production 13 and 16.

(Doc. No. 124, Text Order.) The Court addresses those issues and grants in part and denies in part the parties' motions as explained below.

### *Cargill's Motion* (Doc. No. 79)

First, the Court finds that Burge has met its burden to show that communications Burge had with National Interstate and with National Interstate's counsel, as well as communications between Burge's counsel and National Interstate's counsel are protected by the common-interest doctrine and work-product doctrine. The Court bases this finding on the arguments made in Burge's Supplemental Opposition to Cargill's Motion to Compel Discovery Responses (Doc. No. 120), and on the facts set forth in the Supplemental Affidavit of Burge's Counsel, and its accompanying exhibits (Doc. No. 121). Therefore, the Court denies Cargill's motion to the extent it seeks to compel production of such communications.

Second, Cargill has failed to show that its Request for Production No. 5 to National Interstate included a request for National Interstate's 2011 and 2012 underwriting files for Burge's insurance policies—policies issued subsequent to the policy at issue here. Because Cargill's Request for Production No. 5 to National Interstate seeks only the documents that "refer or relate to *the policy at issue in this action*," the Court concludes that the underwriting files for subsequent policy years were not requested and need not be produced. The Court therefore denies Cargill's motion to the extent it seeks production of those files.

Third, the Court finds that Cargill's Request for Production No. 4 to National Interstate, seeking National Interstate's claims file for this case does not encompass the communications National Interstate had with the Davis & Young law firm. In its motion, Cargill argued that National Interstate may not withhold production of those communications because United States Magistrate Judge Jeffrey J. Keyes concluded that National Interstate waived its right to object to Cargill's document requests on the grounds of attorney-client privilege. (*See* Doc. No. 68 at 5–15.) But, Judge Keyes's Order did not address the scope of any specific request Cargill served. (*See id.* at 17.) Cargill's attempt to apply the waiver that Judge Keyes found to the communications between National Interstate and the Davis & Young firm stretches that Order and the scope of Cargill's document request too far. Cargill's Request for Production No. 4 is directed toward National Interstate's claims file for the underlying claim at the heart of this litigation, and it does not encompass communications that National Interstate had with an outside law firm retained to advise the insurer of its potential liability on the bad-faith-denial-of-benefits claim that Cargill threatened against National Interstate. Therefore, the Court denies Cargill's motion to the extent it seeks production of communications between National Interstate and the Davis & Young law firm.

Fourth, the Court will not require National Interstate to provide Cargill with additional explanation of its document retention system or the searches it conducted for information within its claims file. Cargill points to information that National Interstate has already produced, and asserts that National Interstate's production does not contain all the information it should. As a result, Cargill asserts that National Interstate must provide additional information about its document retention system and the searches it conducted for documents responsive to Cargill's request for National Interstate's claims file to assure Cargill that the insurer is complying with its discovery obligations. National Interstate has, however, already provided Cargill with information about the alleged holes in National Interstate's production. (Doc. No. 122, Aff. of Gary B. Deutsch.) This dispute is unlike when a party simply asserts that it has no documents responsive to discovery requests and refuses to provide any information about the scope of the search it conducted. Rather, National Interstate turned over information comprising its claims file and also represented to the Court that it has produced its entire claims file. Therefore, the Court denies Cargill's motion to the extent it seeks additional explanation of National Interstate's document retention system or the searches National Interstate conducted.

### Burge's Motion

Burge's Request for Production 13 initially sought five years of Cargill's and Leprino Foods Company's testing records for the type of cheese product that was contaminated in this litigation. (Doc. No. 97, Aff. of Burge's Counsel in Supp. of Mot. to Compel ("Brown Aff.") ¶ 3, Ex. C.) Burge later limited the scope of information it claimed Cargill should be ordered to produce to those documents showing Leprino's product testing for the period of 2009 through 2011, and Burge clarified that it wanted to obtain "retains from the magnet, all handwritten records showing checks of the magnet and all other records associated with testing/quality

records created and maintained during the manufacture of the cheese product at Leprino." (E-mail from Andrew Brown to Andrew Sveen ("Brown E-mail") (Sept. 21, 2012, 14:33 CST) (on file with the Court).) Burge also noted that its request for records showing metal detectors checks at Leprino's facility from 2009 through 2011 would be responsive to this request, but had not been produced yet. (*Id.*) Cargill, on the other hand, asserts that testing records "unrelated to the testing of the cheese itself," meaning, presumably, the contaminated cheese giving rise to this lawsuit, is irrelevant. (Letter from Andrew Sveen to U.S. Magistrate Judge Steven E. Rau ("Sveen Letter") (Sept. 21, 2012) (on file with the Court).) Cargill's conception of relevance is too narrow for purposes of discovery. Burge is entitled to the disclosure of information that may lead to the discovery of admissible evidence concerning its own defenses in this case.[2] This includes information that has a bearing on Burge's assertion that Cargill, Leprino, or both, failed to adequately protect against contamination. Therefore, the Court Grants Burge's motion to compel a more complete response to its Request for Production 13, as limited by Burge's counsel's September 21, 2012 email.

In Request for Production 16, Burge sought documents concerning development and compliance with quality control measures at Leprino's facility. According to the parties'

---

[2]     One matter that deserves comment, although it is not specifically before the Court, came to light during the October 15, 2012 telephone conference. During that call, the Court was astonished to hear that Cargill and Leprino have apparently been in possession of the allegedly contaminated salt since well before this litigation commenced, but only recently disclosed this fact to Defendants. Surprisingly, Cargill stated that it had not informed Defendants of this fact because Defendants had not asked to inspect the salt. But given Cargill's claims and its allegation that Burge was responsible for contaminating the salt, Cargill should have disclosed the fact that it was storing the salt when it made its initial disclosures under Rule 26. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) (requiring a party, "without awaiting a discovery request," to provide the other parties in the litigation with a description by category and location of tangible things the party has in its possession, custody, or control and may use to support its claims). Cargill should think carefully about whether it will continue to assert that it need not give access to a "tangible thing" such as the allegedly contaminated salt (or any contaminated cheese) it has been storing because Defendants purportedly "did not ask for it."

submissions following the September 20, 2012 hearing, Cargill agreed to make a supplemental production in response to Request for Production 16, and Burge agreed that it would withdraw its motion with respect to this request if Cargill produced documents as indicated in its letter. (*See* Sveen Letter; Brown E-mail.) Specifically, Cargill agreed to "provide any additional development or compliance materials of Leprino, beyond the audits and inspection materials it has already produced—to the extent they exist—no later than September 28, 2012." (Sveen Letter, Ex. A at 3.) During the October 15, 2012 telephone conference, Burge's counsel indicated, however, that Cargill had not fully produced the information in response to Request for Production 16. Based on Burge's counsel's representation, the Court grants Burge's motion, to the extent Cargill has not produced information responsive to Request for Production 16 as it agreed after the September 20, 2012 hearing.

The parties have indicated they have reached agreement on the other discovery disputes raised in Burge's motion. Therefore, the Court denies Burge's motion as moot to the extent it seeks any other relief.

### National Interstate's Motions

At the September 20, 2012 hearing, the Court orally granted National Interstate's motion to supplement the record. And during the October 15, 2012 telephone conference, National Interstate's counsel indicated that the parties were able to resolve the issues raised by its motion for leave to serve additional interrogatories and to compel discovery. Therefore, the Court denies that motion as moot.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff Cargill, Incorporated's Second Motion to Compel Discovery **(Doc. No. 79)**, is **DENIED IN PART** and **DENIED IN PART AS MOOT** as follows:

a.     The motion is **DENIED** to the extent that it seeks production of communications Burge had with National Interstate and with National Interstate's counsel, and communications between Burge's counsel and National Interstate's counsel;

b.     The motion is **DENIED** to the extent that it seeks to compel National Interstate to produce its underwriting files for Burge's 2011 and 2012 policies;

c.     The motion is **DENIED** to the extent that it seeks to compel National Interstate to produce communications between National Interstate and the law firm of Davis & Young;

d.     The motion is **DENIED** to the extent it seeks to compel National Interstate to further explain its document retention systems and the searches it performed relating to its claims file; and

e.     The motion is **DENIED AS MOOT** pursuant to the parties' resolution of other issues raised in Cargill's motion;

2.     Defendant Ron Burge Trucking, Inc.'s Motion to Compel **(Doc. No. 94)**, is **GRANTED IN PART** and **DENIED IN PART AS MOOT** as follows:

a.     The motion is **GRANTED** to the extent that it seeks to compel Cargill to produce documents responsive to Burge's Requests for Production 13 and 16; and

b.     The motion is **DENIED AS MOOT** pursuant to the parties' resolution of other issues raised in Burge's motion;

3.     As stated on the record at the September 20, 2012 hearing, Defendant National Interstate Insurance Corp.'s Motion to Supplement the Record (Doc. No. 104), is **GRANTED**;

4.     Defendant National Interstate Insurance Corp.'s Motion for Leave to Serve Additional Interrogatories and to Compel Discovery **(Doc. No. 107)**, is **DENIED AS MOOT** pursuant to the parties' resolution of the issues raised by that motion; and

5.      To the extent any discovery disputes arise out of the matters that the parties specifically briefed and argued in the motions to compel addressed by this Order, the parties are directed to bring such disputes to the attention of United States Magistrate Judge Steven E. Rau. To the extent any other discovery disputes arise, the parties are directed to bring such disputes before United States Magistrate Judge Jeffrey J. Keyes.

Dated:  October 23, 2012                          *s/Steven E. Rau*
                                                  Steven E. Rau
                                                  U.S. Magistrate Judge